**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LONNIE LUPARDUS,                           )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )          Case No. 25-cv-2645-AWM-JBW
                                           )
                                           )
CITY OF GARDNER, KANSAS, et al.,           )
                                           )
                    Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 19). Plaintiff seeks leave to amend his Complaint to narrow and clarify parties and their capacities and plead federal and supplemental claims in a single pleading. Defendants oppose the motion. The Court grants Plaintiff's Motion for Leave to File Amended Complaint, subject to limitations discussed below.

I.      **Background**

This matter was removed from Johnson County District Court on November 4, 2025. The lawsuit arises out of Plaintiff's submission of a public records request to the Gardner Police Department. Plaintiff alleges he issued two electronic checks to cover the associated costs, and both were returned for insufficient funds. The Gardner Police Department assessed a $30.00 penalty for each returned check, totaling the amount Plaintiff owed to $90.00. Plaintiff alleges he was not informed of the penalty, and on October 18, 2023, the Gardner Police Department filed two misdemeanor charges against Plaintiff for the issuance of bad checks. Plaintiff was arrested on October 24, 2023, and was held in the Johnson County, Kansas jail for seven days. On

December 7, 2023, the charges against Plaintiff were dismissed, and his record was expunged on January 11, 2024. Plaintiff believes the charges and subsequent arrest were retaliatory in nature, as prior to these events Plaintiff notified the Gardner Police Department of his intent to pursue civil action for what he believed to be a prior wrongful arrest. Plaintiff brings claims of false arrest, malicious prosecution, negligence, abuse of process, violation of civil rights, and intentional infliction of emotional distress.

Plaintiff attaches his proposed Amended Complaint to his motion. Plaintiff's proposed Amended Complaint removes several Defendants, removes official capacity claims against the remaining Defendants, clarifies his civil rights claims, and adds a *Monnell* liability claim against the City of Gardner, Kansas. Defendants oppose the motion on the basis that it is untimely, fails to comply with Rule 8(a), and is futile.

On January 4, 2026, Plaintiff filed a Motion to Amend, which the Court denied for failure to attach a proposed amended complaint.[1] The Court set a deadline of February 13, 2026 to renew his motion to amend.[2] On February 13, 2026, Plaintiff requested an extension of his deadline, which the Court granted, and extended the deadline to February 17, 2026.[3] On February 23, 2026, Plaintiff filed the present Motion for Leave to Amend the Complaint. On March 27, 2026, Defendants filed their response to Plaintiff's motion. Pursuant to D. Kan. Local Rule 6.1(d)(4), responses must be filed within fourteen (14) days after the motion is served. While Plaintiff's motion was not timely filed by the Court's deadline, Defendants' response to the motion was also

---

[1] *See* Order, Dkt. 15.

[2] *Id.*

[3] *See* Order, Dkt. 18.

2

not timely filed pursuant to the rules of this Court. Because both parties failed to comply with their applicable deadline, and neither party is prejudiced by the other's untimeliness, the Court will consider Plaintiff's motion and Defendants' response. However, the Court will not consider Defendants' opposition to the Motion on the basis of untimeliness. The Court cautions all parties that further failure to comply with Court imposed deadlines or this Court's rules may result in the striking of non-conforming pleadings.

## II.      Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[4] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[5] Rule 15(a)(2) instructs that the court "should freely give leave when justice so requires," and the U.S. Supreme Court has held this "mandate is to be heeded."[6] If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, the plaintiff ought to be afforded an opportunity to amend the complaint to test the claim on the merits.[7] "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[8]

---

[4] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Id.*

[8] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[9] The grant or denial of an opportunity to amend is within the discretion of the district court.[10] The party opposing amendment bears the burden to show why leave should not be granted.[11]

Because Plaintiff is not entitled to amend as a matter of right at this point, and because Defendant opposes the requested amendment, leave of Court is required. Reviewing Plaintiff's proposed Amended Complaint under the standards set out above, the Court grants Plaintiff's motion and will allow Plaintiff to file the Amended Complaint with some limitations set out below.

## III.   Whether Plaintiff Should Be Granted Leave to File His Amended Complaint

### a.   Compliance with Fed. R. Civ. P. 8(a)

Defendants argue Plaintiff's proposed Amended Complaint violates Rule 8(a)(2) because it contains 223 paragraphs and an additional 11 exhibits totaling over 850 pages.  Rule 8(a) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." "Failure to provide a short and plain statement that complies with Rule 8 is sufficient grounds to dismiss a complaint."[12] Although Rule 8 can serve as a basis for dismissal,

---

[9] *Foman*, 371 U.S. at 182.

[10] *Id.*

[11] *Rasmussen v. Found. for Affordable Hous*., No. 24-2081-TC-BGS, 2026 WL 237298, at *6 (D. Kan. Jan. 29, 2026) (citation omitted).

[12] *Baker v. Blue Valley Sch. Dist. USD 229*, No. 21-2210-HLT-TJJ, 2021 WL 2577468, at *4 (D. Kan. June 23, 2021) (citing *Mann v. Boatright*, 477 F.3d 1140, 1147-48 (10th Cir. 2007)).

such an outcome is rare and only reserved for "long, prolix, or incomprehensible complaints . . . ."[13] More commonly, Rule 8(a) violations result in allowing the plaintiff an opportunity to replead.

While Plaintiff's proposed Amended Complaint with attachments totals over 850 pages, the Court notes that one of Plaintiff's exhibits, Exhibit D, which appears to be the Gardner Police Department Manual, is 717 pages alone. The proposed Amended Complaint itself, without exhibits, is 28 pages. Further, Plaintiff's original petition filed in state court is written largely in the same fashion as his proposed Amended Complaint and contains 22 exhibits, amounting to a total of 287 pages. Plaintiff's proposed Amended Complaint, while itself is longer, contains half of the attachments. Courts are disinclined to bar amended pleadings based on arguments that could apply with equal force to an unchallenged operative pleading.[14] The same criticisms Defendants lodge here regarding Plaintiff's attachments could also apply to the original petition, yet Defendants filed a motion to dismiss and did not raise Rule 8(a) as a basis for dismissal.[15]

In *Toevs v. Reid*,[16] the Tenth Circuit provided examples of those "extreme circumstances" in which dismissal pursuant to Rule 8 was appropriate: a "ninety-nine page, single-spaced complaint" that "neither identifi[ed] a concrete legal theory nor target[ed] a particular defendant" in 463 paragraphs; a 136–page amended complaint naming fifty-one defendants, which the court

---

[13] *Handy v. Maximus Inc.*, No. 21-1192, 2022 WL 405460, at *4 (10th Cir. Feb. 10, 2022).

[14] *See, e.g., Bedford Materials, Inc. v. Leading Tech. Composites, Inc.*, No. 20-1298-EFM-ADM, 2021 WL 1750867, at *4 (D. Kan. May 4, 2021) (granting a motion to amend and stating that defendant's "arguments in opposition to the motion would apply with equal force—if not more—to the operative complaint.").

[15] *See* Defs.' Mot. to Dismiss, Dkt. 2.

[16] 267 F. App'x 817, 819-20 (10th Cir. 2008).

characterized as a "sprawling chronicle"; and a complaint with "hundreds of attachments[.]"[17] Plaintiff's proposed pleading is distinguishable. While the number and length of Plaintiff's attachments are excessive, Plaintiff's proposed Amended Complaint itself identifies several concrete legal theories, clarifies Plaintiff's claims, and limits the number of Defendants and their capacities.

Ultimately, the Court is simply ruling on whether to allow Plaintiff to file an amended complaint drafted in largely the same manner as the original pleading, which Defendants did not challenge on Rule 8(a) grounds. The Court cannot find that Plaintiff's allegations contained in the proposed Amended Complaint fail to give Defendants notice of the claims asserted against them or present the "extreme circumstances" the Tenth Circuit disavowed in *Toevs*. However, the Court does recognize the attachments to Plaintiff's Amended Complaint are unnecessarily lengthy, and thus, Plaintiff is ordered to limit his attachments, particularly Exhibit D, to only what is necessary to support his claims. For example, throughout Plaintiff's proposed Amended Complaint, he only cites Exhibit D twice in reference to specific policies or procedures. In reviewing Exhibit D, the Court does not view the entire document as relevant to Plaintiff's claims. Therefore, the Court orders that Plaintiff limit the document attached to his Amended Complaint as Exhibit D to the actual provisions cited in his Complaint, rather than the entire 717-page document. In addition,

---

[17] *Id.* at 819–20.

Plaintiff should review his proposed Amended Complaint and limit any other attachments to those portions that are directly relevant to his claims.

### b.    Futility

Defendants also argue Plaintiff should not be granted leave to amend because his proposed amendment is futile, fails to state a claim, and does not resolve the deficiencies outlined in their pending Motion to Dismiss (Dkt. 2). In their response, Defendants state "Plaintiff's claims remain barred based on the same underlying principles at issue in his present Complaint" as to which Defendants have moved for dismissal.[18]

After reviewing the futility arguments of Defendants, and in light of the number of new factual allegations and dismissal of several Defendants, the Court finds it would be more expedient and efficient to allow Plaintiff to file his proposed Amended Complaint. The Court can then address Defendants' various arguments for dismissal of each of those claims in the procedural posture of a renewed motion to dismiss, rather than as futility objections to Plaintiff's proposed amendment. This Court has previously found futility arguments lodged in response to a *pro se* motion to amend the complaint are "more appropriately resolved by the district judge, in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R.

---

[18] Defs.' Memo in Opposition to Pl.'s Motion for Leave to File Second Amended Complaint, Dkt. 21, p. 3. *See also* Defs.' Mot. to Dismiss, Dkt. 2.

Civ. P. 12(b)(6) or (c)."[19] Such dispositive motions present a more thorough avenue to address the dispositive arguments at other procedural junctures.[20]

Under the circumstances presented here, Plaintiff should be afforded the opportunity at this early stage in the case to make additional factual allegations, clarify his claims, and limit the parties and their capacities. Defendants will suffer no undue prejudice from allowing the requested amendment, other than the necessity of revising and refiling their prior motions to dismiss if they desire to do so. Pursuant to Rule 15(a)(2)'s dictate that the Court freely give leave to amend "when justice so requires," and consistent with Rule 1, the Court grants Plaintiff's request for leave to file his proposed Amended Complaint, subject to the limitations discussed herein.

IV.      **Plaintiff's Motion for Leave for Temporary Stay (Dkt. 22)**

Plaintiff has also requested a temporary stay of this matter to allow time for, among other things, additional Kansas Open Records Act requests to be fulfilled. Plaintiff Motion was filed on March 30, 2026, and he requested the Court stay this matter for 30- to 45-days. That time has passed, and the Court denies Plaintiff's request for a stay as MOOT. The Court will enter an Initial Order Regarding Planning and Scheduling upon the filing of Plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Amend is GRANTED. Plaintiff is to file his Amended Complaint, and limit his attachments, particularly Exhibit D, to only what is necessary to support his claims, by **July 17, 2026.**

---

[19] *Settle v. Unifund C.C.R. Partners*, No. 07-2473-CM, 2007 WL 9723776, at *1 (D. Kan. Nov. 6, 2007); *see also Briscoe v. Amazon.com, Inc.*, No. 23-CV-2481-TC-TJJ, 2024 WL 1885503, at *3 (D. Kan. Apr. 30, 2024); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2022 WL 218750, at *7 (D. Kan. Jan. 25, 2022).

[20] *Prater v. Johnson Cnty. Cmty. Coll.*, No. 23-CV-2572-EFM-TJJ, 2024 WL 3043158, at *3 (D. Kan. June 18, 2024).

9

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Temporary Stay is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated July 9, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

9