**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| LONNIE LUPARDUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-2645-AWM-JBW |
| | ) | |
| | ) | |
| CITY OF GARDNER, KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion to Consolidate Cases (Dkt. 25). Plaintiff seeks leave to consolidate, or in the alternative coordinate, this action with *Lonnie Lupardus v. Iliana Mierlcarek, et al.*, 26-cv-2386-KHV-ADM. Plaintiff alleges "[t]he pending actions arise from a connected sequence of law-enforcement events beginning with Plaintiff's July 2023 arrest involving Olathe and Gardner personnel and continuing through the later Gardner bad-check investigation and October 2023 arrest" and consolidation or coordination of the cases will promote judicial economy.[1] For the reasons stated below, Plaintiff's motion is denied.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." This Court has substantial discretion in deciding whether and to what extent to

---

[1] Pl.'s Mot. to Consolidate or, in the Alternative, Coordinate Related Actions, Dkt. 25, p. 2.

consolidate and coordinate cases.[2] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[3] In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[4] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.

Here, Plaintiff fails to meet his burden of showing that the balance of factors weighs in favor of consolidation. Although these cases both arise out of alleged civil rights violations, they involve different Defendants, facts, and legal issues. This matter, 25-cv-2645-AWM-JBW, alleges false arrest, malicious prosecution, negligence, abuse of process, violation of civil rights, and intentional infliction of emotional distress arising from Plaintiff's October 2023 arrest and subsequent detention by the Gardner Police Department. The 26-cv-2386-KHV-ADM matter, while also asserting claims of unlawful arrest, malicious prosecution, and violation of civil rights, appears to be predicated on entirely different facts and is brought against different defendants. The 26-cv-2386-KHV-ADM matter involves Plaintiff's arrest in July 2023 for violation of a protection from stalking order that was issued by the Johnson County District Court after a dispute with his former roommate. Both matters are brought against numerous defendants, but the only common

---

[2] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[3] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[4] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012)).

defendants between the two matters are Pam Waldek and the City of Gardner, Kansas. Thus, the Court does not find that consolidation or coordination is in the interest of judicial economy, convenience, or would save costs at this stage of litigation. Plaintiff's motion is therefore denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Consolidate Cases (Dkt. 25) is DENIED.

**IT IS SO ORDERED.**

Dated July 16, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge