# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LONNIE LUPARDUS,

    Plaintiff,

    *v.*

CITY OF GARDNER, KANSAS, et al.,

    Defendants.

Case No. 25-cv-02645-AWM-JBW

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand this case to state court. Doc. 4. As set forth below, Plaintiff's motion to remand is **DENIED**.

## I.　　FACTS AND PROCEDURAL HISTORY

In August 2023, Plaintiff Lonnie Lupardus submitted two requests for records to the Gardner Police Department (GPD). Doc. 1-1 at 5.  To pay for these requests, he submitted two worthless electronic checks to the GPD in the amounts of $20 and $10, respectively. *Id.* The GPD assessed a $30 service charge for each returned check, and on September 12, 2023, GPD mailed Plaintiff a letter demanding payment then amounting to $90.[1] Doc. 1-1 at 32.

Three days later, on September 15, 2023, Plaintiff called the GPD seeking additional records for $4, and a sergeant working for the GPD told him he would have to pay in cash or money order because his previous checks had bounced. Doc. 1-1 at 5. This

---

[1] The parties agree that GPD's letter wasn't sent by certified mail as required by Kansas law to create a rebuttable presumption of intent to defraud and knowledge of the alleged insufficiency. Kan. Stat. Ann. § 21-5821 (2026). But that is beside the point where everyone agrees Plaintiff was given *actual* knowledge of the returned checks when he called the GPD seeking additional records and was informed of the bad checks. *See, State v. Wilkens*, 2004 Kan. App. Unpub. LEXIS 390, at *4 (Kan. Ct. App. 2004).

prompted Plaintiff to go to the Gardner Justice Center and pay $4 in cash to receive the newly requested records.

Plaintiff did not pay the GPD the $90 he owed within the seven-day period set forth in Kan. Stat. Ann. § 21-5821(d)(1) (2026), and on October 18, 2023, the GPD forwarded the matter to the District Attorney for Johnson County, Kansas. Doc. 1-1 at 27-28. Plaintiff was subsequently arrested for passing two worthless checks pursuant to a warrant on October 24, 2023. Doc. 1-1 at 6. The District Attorney moved to dismiss Plaintiff's criminal case after he paid the GPD $90 in restitution, and the District Court in Johnson County, Kansas granted that motion. Doc. 1-1 at 43, 64-66.

Exactly one year after his criminal case was dismissed, Plaintiff again appeared in Johnson County District Court, this time as the Plaintiff in a civil case. Appearing *pro se*, Plaintiff sued Defendant City of Gardner, the GPD, and a number of GPD employees for false arrest, malicious prosecution, negligence, abuse of process, violation of his civil rights under 42 U.S.C. § 1983, and intentional infliction of emotional distress. Doc. 1-1 at 7-9.

Defendant City of Gardner timely moved to remove this case to this Court pursuant to 28 U.S.C. § 1441(a). Doc. 1. Defendant also moved to dismiss this case for failure to state a claim. Doc. 2. Plaintiff then moved to remand this case to Johnson County District Court. Doc. 4. The Court will now address Plaintiff's motion to remand this case to state court.

## II.    LAW & ANALYSIS[2]

### A. Plaintiff's Case Was Properly Removed to this Court

After Defendants moved to remove this case pursuant to 28 U.S.C. § 1441(a), Plaintiff filed a motion to remand this case—both federal and state law claims—to the District Court in Johnson County, Kansas. Doc. 4. The removal statute allows removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a) (cleaned up). If a federal court has original jurisdiction over one or more claims brought in a lawsuit, then the entire lawsuit may be removed to federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997). Plaintiff's original complaint alleged a federal cause of action under 42 U.S.C. § 1983, and this entire civil action was properly removed under 28 U.S.C. § 1441(a).

Since removal was proper on the basis of original jurisdiction, the question remains whether the accompanying state law claims fall within this Court's supplemental jurisdiction. *Int'l Coll. of Surgeons*, 522 U.S. at 166. A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law claims and state law claims in the case "derive from a common nucleus of operative fact such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court constitutes but one constitutional case." *Id*. at 165 (cleaned up). Here, all the claims alleged in Plaintiff's lawsuit arise from

---

[2] In resolving this case, the Court is mindful that *pro se* pleadings are construed liberally, but a district court cannot assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And *pro se* litigants must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

him knowingly submitting bad checks to the GPD, which directly resulted in his arrest and prosecution for doing so. This Court has the discretion to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), and it will do so here. *Tufaro v. Oklahoma ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1142 (10th Cir. 2024).

## III.   CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to remand this case to state court, Doc. 4, is **DENIED**.

### IT IS SO ORDERED.

Dated this 21st day of July, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge