**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LONNIE LUPARDUS,<br><br>Plaintiff,<br><br>*v.*<br><br>CITY OF GARDNER, KANSAS, et al.,<br><br>Defendants. | Case No. 25-cv-02645-AWM-JBW |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, Doc. 32. As set forth below, Defendants' motion to dismiss is granted.[1]

You can't bounce checks in Kansas, to a police department or anyone else. *See* Kan. Stat. Ann. § 21-5821. This case is about what follows when someone does.

## I. FACTS AND PROCEDURAL HISTORY

In August 2023, Plaintiff Lonnie Lupardus submitted two requests for records to the Gardner Police Department (GPD). Doc. 1-1 at 5. To pay for these requests, he submitted two worthless electronic checks to the GPD in the amounts of $20 and $10, respectively. *Id.* The GPD assessed a $30 service charge for each returned check, and on September 11, 2023, GPD mailed Plaintiff a letter demanding payment now amounting to $90.[2] Doc. 1-1 at 32.

[1] In evaluating a motion to dismiss, the Court takes as true the well-pleaded allegations in the complaint. *Britton v. Keller*, 851 F. App'x 821, 824 (10th Cir. 2021).

[2] The parties agree that GPD's letter wasn't sent by certified mail as required by Kansas law to create a rebuttable presumption of intent to defraud and knowledge of the alleged insufficiency. Kan. Stat. Ann. § 21-5821. But that is beside the point where everyone agrees Plaintiff was given *actual* knowledge of the returned checks when he called the GPD seeking additional records and was informed of the bad checks. *See State v. Wilkens*, 2004 Kan. App. Unpub. LEXIS 390, at *4 (Kan. Ct. App. 2004). As Plaintiff tells it in one of the many documents attached to his amended complaint, a sergeant with the GPD told him, "hey, I can't take an e-check for me because the last two bounce and I was confused by that because that's the first I was being noticed of that." Doc. 28-9 at 15. "I know we did have the conversation to where he said

Three days later, on September 15, 2023, Plaintiff called the GPD seeking additional records for $4, and a sergeant in the GPD told him he would have to pay in cash or money order because of his previously returned checks. Doc. 1-1 at 5. Plaintiff then went to the Gardner Justice Center and paid $4 in cash to receive the newly requested records.

When Plaintiff did not pay the GPD the $90 he owed, on October 18, 2023, the GPD forwarded the matter to the District Attorney for Johnson County, Kansas. Doc. 1-1 at 27-28. A warrant was issued by a judge in Johnson County District Court, and Plaintiff was arrested on October 24, 2023, for passing the two worthless checks. Doc. 1-1 at 6. The District Attorney moved to dismiss Plaintiff's criminal case after he paid the GPD $90 in restitution, and the District Court in Johnson County granted that motion. Doc. 1-1 at 43, 64-66.

Exactly one year after his criminal case was dismissed, Plaintiff again appeared in Johnson County District Court, this time as the plaintiff in a civil case. Appearing pro se, Plaintiff sued Defendant City of Gardner, the GPD, and a number of GPD employees, for false arrest, malicious prosecution, negligence, abuse of process, violation of his civil rights under 42 U.S.C. § 1983, and intentional infliction of emotional distress. Doc. 1-1 at 7-9.

Defendant City of Gardner timely removed the case to this Court pursuant to 28 U.S.C. § 1441(a). Doc. 1. Defendants also moved to dismiss the case for failure to state a claim. Doc. 2. After Plaintiff successfully petitioned this Court for leave to file an

---

that, well, we had two bounce checks, so we can't take another one." Doc. 28-9 at 17. "I just know he said that the the two checks had bounced." Doc. 28-9 at 24. "All he told me on the call that we had . . . was that the checks had returned as unpaid." Doc. 28-9 at 26. In Kansas, Plaintiff's failure to cure his worthless checks within seven days of that conversation constituted prima facie evidence of intent to defraud and knowledge of insufficient funds under § 21-5821(d)(1).

amended complaint, Defendants renewed their motion to dismiss for failure to state a claim. Docs. 28, 32. The Court granted Plaintiff's motion for an extension of time to file a response to Defendant's motion to dismiss until August 27, 2026. Doc. 40. Plaintiff did not file a response. Nevertheless, the Court now turns to the merits of this case.

## II. LAW & ANALYSIS[3]

### A. Plaintiff's Case Fails to State a Claim

To survive a motion to dismiss for failure to state a claim under Fed R. Civ. P. 12(b)(6), a complaint must contain enough allegations of fact to state a claim that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). But "mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice." *Manning v. City of Tulsa, Okla.*, 170 F.4th 1287, 1299 (10th Cir. 2026) (citation omitted).

After construing Plaintiff's pro se filings liberally, and in the light most favorable to Plaintiff, the Court concludes each of Plaintiff's causes of action fails to state a claim and should be dismissed. Distilled to its essence, Plaintiff's argument is that although he had actual knowledge that he passed two worthless checks to the GPD, the GPD's failure to also constructively notify him, by the exclusive use of certified mail, barred his subsequent arrest and prosecution for two misdemeanors under Kansas' worthless

[3] In resolving this case, the Court is mindful that pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se litigants must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

checks statute. Further, the state's enforcement of the plain language of its worthless checks statute violated Plaintiff's civil rights.

In making these arguments, Plaintiff loses sight of the forest from the trees. Plaintiff was arrested—pursuant to a warrant—after the District Court in Johnson County, Kansas, found probable cause that Plaintiff violated Kansas' worthless checks statute, Kan. Stat. Ann. § 21-5821. Doc. 1-1 at 19. This Court has no difficulty reaching the same conclusion that in late September of 2023, there was probable cause to believe that Plaintiff knowingly violated Kansas' worthless checks statute.

### 1. Plaintiff Fails to State a *Monell* Claim

"Under 42 U.S.C. § 1983, local governments are responsible only for their own illegal acts, meaning they are not vicariously liable for their employees' actions." *Manning*, 170 F.4th at 1299. So, "to establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional rights." *Id.* Here, it is unnecessary to examine the five types of qualifying municipal policies or customs because "simply alleging the existence of a policy is not enough to state a claim." *Id.* (citation omitted). And Plaintiff's complaint is precisely the "formulaic recitation of the elements of a cause of action" that fails to state a claim. *Id.* (citation omitted).

Further, as set forth below, Plaintiff cannot establish, even viewing the facts in the light most favorable to him, that he was deprived of his constitutional rights.

### 2. Plaintiff Fails to State a Claim for False Arrest

"In the context of a false arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person

had committed a crime." *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). Probable cause requires only a "fair probability of illegal conduct, not proof that something is more likely true than false." *Meadows v. City of Okla. City*, 851 F. App'x 127, 129 (10th Cir. 2021) (cleaned up).

In this case, Plaintiff concedes he did not pay the GPD within seven days of the GPD notifying him on the phone that he owed the GPD $90, which included the service charge of $30 for each returned check authorized by Kan. Stat. Ann. § 21-5821(d)(1). And that statute makes clear that notice "includes oral or written notice to the person entitled thereto." Kan. Stat. Ann. § 21-5821(c)(3).

Plaintiff stresses, however, that he disputes whether *both* payments were returned, whether the entire $90 was validly due, whether he knew of any insufficiency when the payments were issued, and whether he intended to defraud the GPD. Doc. 34 at 4. Plaintiff also denies that he received a letter from the GPD, dated September 11, 2023, demanding payment of $90 by October 12, 2023, and warning him of legal action should he not cure his bad checks. Doc. 1-1 at 5, 19.

Simply put, none of that matters.[4] When Plaintiff failed to pay the GPD within seven days of being notified that his checks had bounced, there was a prima facie case that Plaintiff had committed a misdemeanor violation of Kansas' worthless checks statute. Plaintiff may or may not have been able to rebut this presumption in a state court prosecution, using many of the arguments he now advances, but that doesn't

---

[4] Kan. Stat. Ann. § 21-5821 requires only three things to establish a prima facie violation of the statute: (1) the defendant must have made or drawn the check; (2) payment must have been refused by the drawee on account of insufficient funds; (3) after notice was given to the defendant that such check was not paid, the defendant failed to pay the holder of the check the amount due within seven days after notice. *State v. Powell*, 220 Kan. 168, 175 (Kan. 1976). In *Powell*, as in this case, the holder of the bounced check personally contacted the maker of the check and informed him payment had been refused. *Id.*

diminish the fact that there was initially probable cause to arrest him for passing worthless checks. *See State v. Haremza*, 213 Kan. 201, 206-207 (Kan. 1973) (finding rebuttable presumption under Kansas' prior worthless checks statute constitutional).

In light of the facts alleged by Plaintiff, the Court has no difficulty reaching the same conclusion as the District Court for Johnson County that there was probable cause to believe Plaintiff delivered two bad checks to Defendant in August 2023, with the intent to defraud and knowing there were insufficient funds in his bank to cover the checks. And probable cause forecloses his claim. Accordingly, Plaintiff fails to state a claim for false arrest.

### 3. Plaintiff Fails to State a Claim for Malicious Prosecution

"To prevail on a Fourth Amendment § 1983 malicious prosecution claim, a plaintiff must show the following five elements; (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Chavez-Torres v. City of Greeley*, 660 F. App'x 627, 628 (10th Cir. 2016) (citation omitted). As noted above, there was probable cause for Plaintiff's arrest and misdemeanor prosecution for writing bad checks to the GPD, and Plaintiff fails to state a claim for malicious prosecution.

### 4. Plaintiff Fails to State a Claim for First Amendment Retaliation

Although probable cause generally defeats most retaliatory arrest claims, the Supreme Court has acknowledged a narrow qualification in cases involving speech protected by the First Amendment. *Nieves v. Bartlett*, 587 U.S. 391, 407 (2019). But this

exception only applies where the plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals engaged in the same sort of protected speech had not been. *Id.* Plaintiff does not argue that the GPD does not arrest others for passing bad checks under similar circumstances. Indeed, his amended complaint alleges the GPD, perhaps unsurprisingly, had never received a worthless check before. Doc. 28 at 13. In any event, the existence of probable cause forecloses his claim. *Hinkle v. Beckham Cty. Bd. of Cty. Comm'rs*, 962 F.3d 1204, 1227 (10th Cir. 2020).

### 5. Plaintiff's State-Law Tort Claims are Barred by the Kansas Tort Claims Act

The Kansas Tort Claims Act (KTCA) governs the state-law tort claims against the City of Gardner and its employees. The KTCA makes cities like Gardner liable when their employees act negligently or wrongfully. *Schreiner v. Hodge*, 504 P.3d 410, 422 (Kan. 2022). And it renders government employees liable for money damages when they commit unprivileged torts within the scope of their employment. *Id.* But there are many statutory exceptions to the KTCA's waiver of governmental immunity. *See* Kan. Stat. Ann. § 75-6104. One exception involves damages resulting from enforcing or failing to enforce the law. Kan. Stat. Ann. § 75-6104(a)(3). Immunity under the KTCA can defeat a claim at the motion to dismiss stage, but the governmental entity must prove that it is immune. *Keiswetter v. State*, 304 Kan. 362, 373 (Kan. 2016).

As set forth above, Plaintiff was arrested pursuant to a valid warrant, and the GPD was merely enforcing the law when it arrested Plaintiff. Defendants, therefore, are entitled to law enforcement immunity under the KTCA. *Nielander v. Bd. of County*

*Comm'rs*, 582 F.3d 1155, 1171 (10th Cir. 2009); *Burgess v. West*, 817 F. Supp. 1520 (D. Kan. 1993).

### 6. Defendants Roberts, Waldeck, and Marshall are Entitled to Qualified Immunity

"Qualified immunity shields officers from liability, unless the officers violated a constitutional or statutory right that was clearly established at the time of the alleged unlawful activity." *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1301 (10th Cir. 2025) (cleaned up). And although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). At the motion to dismiss stage, this Court may only dismiss a complaint on the basis of qualified immunity if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Peterson v. Jensen*, 371 F.3d 1199, 1201-02 (10th Cir. 2004) (citation omitted).

That standard is easily met here. Plaintiff's complaint fails to allege how any of the officers' conduct violated his clearly established constitutional rights. Indeed, the Defendants followed the plain language of Kan. Stat. Ann. § 21-5821(d)(1) when they notified him—on the phone—that his checks had been returned for insufficient funds and that he could no longer write checks for records requests to the GPD. Plaintiff appears to have understood this conversation because he appeared in person at the GPD several days later and paid for a third records request using $4 in cash. Doc. 28 at 8.

## III. CONCLUSION

You can't bounce checks in Kansas. And if you are provided with notice in accordance with Kan. Stat. Ann. § 21-5821(d), and you fail to pay for your worthless

checks within seven days, you should anticipate the police, prosecuting attorneys, and courts will enforce Kansas law. *Haremza*, 213 Kan. at 207 ("The notice provision gives to the drawer of the check one final opportunity in which to make the check good and is peculiarly for his benefit."). That is all that happened here.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss for Failure to State a Claim, Doc. 32, is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

Plaintiff's Motion for Reconsideration, Doc. 34, and Motion for Appointment of Counsel, Doc. 38, are **DENIED** as moot.

Defendant's Motion to Stay Discovery, Doc. 35, is also **DENIED** as moot.

The Clerk is directed to enter a judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated this 31st day of August, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge

[5] As the Kansas Supreme Court noted in *Haremza*, "a defendant charged with a violation of the worthless check statute has more convenient access to evidence relating to his intent to defraud or otherwise and to his knowledge of the status of his bank account than does the state." *Haremza*, 213 Kan. at 207. The Court further held, "that requiring the defendant to come forward with evidence to rebut the statutory presumption does not subject the defendant to unfairness or hardship." *Id.* While Plaintiff may now desire to reveal his defense in a long-dismissed criminal case Johnson County District Court, none of his arguments changes the fact that there was probable cause to believe he violated Kansas' worthless checks statute at the inception of that case.