**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LONNIE LUPARDUS,<br><br>Plaintiff,<br><br>*v.*<br><br>CITY OF GARDNER, KANSAS, et al.,<br><br>Defendants. | Case No. 25-cv-02645-AWM-JBW |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's omnibus motion to reopen his case, to amend the Court's judgment, and to vacate or reconsider this Court's order granting Defendant's motion to dismiss for failure to state a claim. Doc. 46. As set forth below, Plaintiff's motion is **DENIED**.

On August 31, 2026, this Court granted Defendants' motion to dismiss for failure to state a claim. Doc. 42. In accordance with Tenth Circuit precedent, this Court resolved Plaintiff's pro se pleadings on the merits. *Persik v. Manpower Inc.*, 85 Fed. App'x. 127, 130 (10th Cir. 2003).

In resolving the instant motion, the Court has considered Plaintiff's response to Defendant's motion to dismiss, which was filed a day late on August 28, 2026, due to Plaintiff's medical emergency. Doc. 41. Both Plaintiff's response and the instant motion repackage some, but not all, of the arguments he has previously advanced in this case and fail to establish any of the bases for reconsideration set forth in D. Kan. Rule 7.3.

The Court is mindful of its obligation to keep the courthouse doors open to pro se litigants, so it will repeat that probable cause is not a high bar, *Hinkle v. Beckham Cnty. Bd. of Cty. Comm'rs*, 962 F.3d 1204, 1220 (10th Cir. 2020), and in late September

2023, there was probable cause to believe that Plaintiff knowingly violated Kansas' worthless checks statute. Kan. Stat. Ann. § 21-5821.

Plaintiff is correct that the state's prima facie case alleging a violation of Kansas' worthless checks statute was "rebuttable rather than conclusive." Doc. 46 at 6 (citing *State v. Haremza*, 213 Kan. 201, 205 (Kan. 1973)). But *Haremza* also makes clear that Plaintiff's opportunity to present the arguments he now advances in this Court was at his criminal trial in Johnson County, Kansas. *Id.* at 207-208 ("[W]e do not believe that it places any undue burden upon the depositor who has issued the insufficient fund check to come forward with some reasonable explanation showing that he had no intent to defraud."). But instead of contesting his case, he joined the state's motion to dismiss and paid Defendant City of Gardner $90 for the bounced checks.

Plaintiff's motion for reconsideration is nothing more than disagreement with the conclusions of the Court in resolving Defendant's motion to dismiss. *See* Doc. 46 at 14 ("At Rule 12, those facts do matter to the competing inference concerning issuance-time mens rea."). This is why courts of appeals exist.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's omnibus motion to reopen the case, to alter or amend judgment, and to vacate or reconsider, Doc. 46, is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge